IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CAIN, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>CITY OF CHICAGO, DETECTIVE JOHN )<br>B. RICHTER (Star No. 20768), )<br>DETECTIVE SCOTT REIFF (Star No. )<br>20847), DETECTIVE JOHN FOSTER )<br>(Star No. 20288), and DETECTIVE DAVID )<br>BISHOP (Star No. 20254), )<br>)<br>Defendants. ) | FILED: JULY 18, 2008<br>Case No. 08CV4095<br>JUDGE SHADUR<br>MAGISTRATE JUDGE COX<br>RCC |

## COMPLAINT AT LAW

Plaintiff, Christopher Cain, by his attorneys, Muslin & Sandberg, through Craig M. Sandberg, complains of the defendants as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Introduction

1. This case is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's constitutional rights, as well as various state law claims.

2. Specifically, as a result of egregious police misconduct described below, Plaintiff Christopher Cain was charged and prosecuted with the crimes of armed robbery with a handgun, theft and assault. Cain was found not guilty of the charged crimes in December 2007, but not before spending six months in jail.

3. The false prosecution complained of here was the direct result of misconduct by members of the City of Chicago police department including, but not limited to, the following Chicago Police Detectives who falsified police reports to make it look like Plaintiff was identified as a participant in the alleged crimes: John B. Richter (Star No. 20768), Scott Reiff

(Star No. 20847), John Foster (Star No. 20288), and David Bishop (Star No. 20254), (collectively "Defendant Officers"). Defendants' actions were taken with the belief that they could summarily arrest, convict and imprison a young African American man from a working-class family without any repercussions and they did so in order to close the case.

4. This frame-up has caused severe damage to Plaintiff and his family including severe emotional distress.

### Jurisdiction and Venue

5. The jurisdiction of the Court over Count One is invoked pursuant to 28 USC §§ 1331 and 1343, as they arise under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 USC § 1983.

6. Venue is appropriate in the Northern District of Illinois pursuant to 28 USC § 1391(b), as all of the events complained of occurred in Cook County, located in this district.

### The Parties

7. Plaintiff, Christopher Cain, is citizen of the United States living in Chicago, Illinois at the times relevant to this complaint.

8. Defendant, City of Chicago, is an Illinois municipal corporation, and, at all times relevant to this complaint, employed various police department personnel that acted as their actual and/or apparent agents and/or employees including, but not limited to, each Defendant Officer. The City of Chicago is responsible for the acts of the aforementioned personnel while employed by the City of Chicago and while acting within the scope of their employment.

9. At all times relevant to this Complaint, Defendants John B. Richter (Star No. 20768), Scott Reiff (Star No. 20847), John Foster (Star No. 20288), and David Bishop (Star No. 20254) were Detectives for the Chicago Police Department.

### Background information common to all Counts

10. On June 24, 2006, Samir Ahmed and Michael Hall were allegedly robbed at

gunpoint by either two or three African American men (hereinafter "the robbery"). The case was assigned to Detective John Richter and Detective Luis Otero.

11. Ahmed and/or Hall described one of their assailants as an African American male, 17-21 years of age, 5'9", 160 lbs., with brown hair, brown eyes and a dark complexion.

12. Ahmed and/or Hall described the other assailant as an African American male, 17-21 years of age, 5'9", 120 lbs., with brown hair, brown eyes and a medium complexion and a tattoo on his arm.

13. While investigating the robbery, Detective Richter discovered that the car allegedly driven by the assailants was owned by Annette Horton.

14. Defendant Richter also discovered that Plaintiff had allegedly once been stopped while driving the car owned by Annette Horton.

15. On June 26, 2006, all four Defendant Officers went to the residence of Annette Horton to arrest her son, Melvin Horton, for the robbery of Ahmed and Hall.

16. According to the police report written by Defendant Richter, Melvin Horton implicated Plaintiff in the robbery of Ahmed and Hall.

17. This is false as Melvin Horton never told the police that Plaintiff was involved in the robbery.

18. Plaintiff does not match the description of the assailants given by Ahmed and Hall in that he is not a dark complected African American man, nor does he have a tattoo on his arm.

19. According to the police report, Hall allegedly picked Plaintiff out of a photographic line-up and a live line-up.

20. This was false as Hall never identified Plaintiff in any line-up.

21. On July 20, 2006, Plaintiff was arrested and charged with the crimes of armed robbery with a handgun, theft, and assault.

22. Plaintiff sat in jail from July 20, 2006, through approximately December 19, 2006, when he was released on bond.

23. Plaintiff's case was heard in the Circuit Court of Cook County on December 22, 2007 and Plaintiff was found not guilty of all the crimes with which he was charged.

## COUNT I
### (42 U.S.C. § 1983 – False arrest / False imprisonment)

24. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

25. Plaintiff was arrested, seized, and incarcerated despite the knowledge of members of the City of Chicago police department including, but not limited to, the following Detectives Richter, Reiff, Foster, and Bishop, that there was no probable cause for doing so and knowledge that Plaintiff was innocent.

26. Plaintiff was arrested because he was a young African American man with a criminal record and they believed he would be convicted despite the fact that he did not commit the crimes with which he was charged.

27. Plaintiff was arrested in order to quickly "solve" the alleged crime.

28. Plaintiff was unlawfully arrested and detained and subjected to unlawful conditions of confinement in violation of the United States Constitution and has suffered actual and special damages including, but not limited to, severe emotional distress and loss of liberty as a direct and proximate result.

29. Because of Defendants' actions, Plaintiff suffered the humiliation of being arrested and charged with a crime he did not commit.

30. Defendants caused Plaintiff to be unlawfully arrested. These defendants conspired to detain Plaintiff unlawfully and subjected him to unlawful conditions of confinement. All of the officers were acting under color of law and within the scope of their employment. They are liable to Plaintiff for all resulting damages together with punitive damages, costs and attorney's fees.

31. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

32. The misconduct described in Count I was undertaken under the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference; and/or
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; and/or
   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases; and/or
   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and/or
   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.
   f. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluation the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in a row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and/or
   g. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains a very small portion of the complaints brought against police officers for violations of civil rights.

## COUNT II
### (42 U.S.C. § 1983 – Due Process)

33. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

34. As described more fully above, Defendant Officers, while acting under color of law and within the scope of their employment as police officers, violated Plaintiff's right to Due Process, *inter alia*, by manipulating and/or tampering with identification and testimonial

evidence. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

35. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

36. The misconduct in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described more fully above.

### COUNT III
### (State Law Claim – Malicious Prosecution)

37. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

38. Due to the acts and conduct of the Defendant Officers as set forth above, Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and, on December 19, 2007, all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

39. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

40. As a direct and proximate result of this misconduct, Plaintiff suffered a special injury beyond the usual expense, time or annoyance in defending the underlying action, namely, he was incarcerated for six months and has suffered and continues to suffer injuries including severe emotional distress.

### COUNT IV
### (State Law Claim – Intentional Infliction of Emotional Distress)

41. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

42. The acts and conduct of the Defendant Officers, as set forth above, were extreme and outrageous and were intended to cause or were performed with reckless disregard to the probability that their conduct would cause severe emotional distress to Plaintiff.

43. Plaintiff was acquitted of the charges against him in a manner indicative of his innocence.

44. The Defendant Officers' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

46. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

## COUNT V
### (State Law Claim – Conspiracy)

47. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

48. On or about July 20, 2006, that date better known to Defendant Officers, the Defendant Officers agreed to frame Plaintiff for a crime he did not commit.

49. This conspiracy was ongoing and Defendant Officers acted in concert to frame Plaintiff up through and including his trial on December 19, 2007.

50. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

## Count VI
### (City of Chicago – Failure to Intervene – 42 U.S.C. § 1983 – 4th Amendment)

51. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

52. One or more of the members of the City of Chicago police department had a reasonable opportunity to prevent the violation of Christopher Cain's constitutional rights as set forth above had he been so inclined, but failed to do so.

53. As a result of the aforementioned failure to intervene, Christopher Cain suffered injuries.

54. The aforementioned actions were undertaken intentionally, with malice, willfulness, and reckless indifference to the constitutional rights of Christopher Cain.

55. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department in the manner described more fully above.

56. The misconduct described in this Count was undertaken by members of the City of Chicago police department within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

**COUNT VII**
**(State Law Claim – *Respondeat Superior*)**

57. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

58. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members of and agents of the Chicago Police Department acting at all times within the scope of their employment.

59. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**COUNT VIII**
**(State Law Claim – Indemnification)**

60. Plaintiff realleges the foregoing paragraphs as if fully stated herein.

61. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

62. Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**Request for Relief**

**WHEREFORE**, the plaintiff, Christopher Cain, requests that the Court enter judgment in favor of Plaintiff Christopher Cain and against Defendants, the City of Chicago, John B. Richter, Scott Reiff, John Foster, and David Bishop, award compensatory damages against all Defendants and award punitive damages against Defendants, John B. Richter, Scott Reiff, John Foster, and David Bishop, in their individual capacities, in an amount to be determined by the jury upon trial of this case, and award Plaintiff attorney's fees and costs.

**JURY DEMAND**

Plaintiff, Christopher Cain, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

    Respectfully submitted,

    MUSLIN & SANDBERG

    By:    s/Craig M. Sandberg
           CRAIG M. SANDBERG
           ARDC No. 6257836
           19 S. LaSalle Street, Suite 700
           Chicago, Illinois 60603
           (312) 263-7249